UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT J. MERRILL,

                         Petitioner,

            v.                         5:05-CV-421
                                                                        (FJS)
UNITED STATES OF AMERICA,                         Related Criminal Action
                                                                        5:03-CR-374

                        Respondent.
_____

**APPEARANCES**                                          **OF COUNSEL**

**LAW OFFICE OF**                            **JOHN T. CASEY, JR., ESQ.**
**JOHN T. CASEY, JR.**
31 Second Street
Troy, New York 12180
Attorneys for Petitioner

**LAW OFFICE OF**                            **RICHARD L. MOTT, ESQ.**
**RICHARD L. MOTT**
600 Broadway
Albany, New York 12207
Attorneys for Petitioner

**OFFICE OF THE UNITED**             **EDWARD R. BROTON, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Respondent

**SCULLIN, Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**[1]

On September 17, 2003, a federal grand jury sitting in the Northern District of New York returned a twenty-six count indictment against Petitioner Robert J. Merrill. *See* Action No. 03-CR-374, Dkt. No. 1 ("Indictment"). On February 4, 2004, following negotiations between Merrill's attorney and the Government, Petitioner entered into a plea and cooperation agreement with the Government wherein he agreed to plead guilty to the first count in the Indictment, which charged him with bank fraud in violation of 18 U.S.C. § 1344, in satisfaction of all charges brought against him in that accusatory instrument. *See* Action No. 03-CR-374, Dkt. No. 15. Petitioner thereafter appeared before this Court and pled guilty to that charge, *see* Action No. 03-CR-374, Dkt. No. 14; and on December 14, 2004, this Court sentenced him to a fifteen-month term of imprisonment to be followed by a three-year term of supervised release. *See* Action No. 03-CR-374, Dkt. No. 27.

On April 5, 2005, Petitioner filed, with the assistance of counsel, a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. *See* Action No. 05-CV-421, Dkt. No. 1. In his motion, Petitioner claims that the Court must set aside his sentence based upon three somewhat interrelated theories: (1) the monetary loss purportedly sustained by Glens Falls National Bank, which this Court used to increase Petitioner's base offense level for purposes of sentencing, was never admitted by Petitioner nor found by a jury beyond a reasonable doubt; (2)

---

[1] The background information relating to this action is derived from materials that the parties submitted in conjunction with this civil proceeding, *Merrill v. United States*, 5:05-CV-421 ("Action No. 05-CV-421"), as well as the related criminal action, *United States v. Merrill*, 5:03-CR-374 ("Action No. 03-CR-374").

this Court's conclusion that the sentence it imposed on Petitioner was mandatory under the United States Sentencing Guidelines was subsequently overruled by the Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005);[2] and (3) the relevant conduct that the Court used to determine Petitioner's total offense level for purposes of sentencing was not established by a fact finder beyond a reasonable doubt. *See* Motion to Vacate, Grounds One through Three; *see also* Supporting Memorandum of Law (attachment to Dkt. No. 2) ("Supporting Mem.").

In addition to his Motion to Vacate, Petitioner filed an application in which he requested that the Court order the Government to show cause why this Court should not set aside his sentence in light of *Booker*. *See* Action No. 05-CV-421, Dkt. No. 2. By Order dated April 6, 2005, this Court denied that application upon its finding that (1) Petitioner was procedurally barred from asserting the claims he raised in his Motion to Vacate and failed to demonstrate either cause for his default or resulting prejudice; and (2), although the Second Circuit had not yet definitively ruled on the issue, it did not appear to this Court that it could properly apply *Booker* retroactively to the benefit of Petitioner in this collateral challenge to his conviction. *See* Action No. 05-CV-421, Dkt. No. 3.

On April 15, 2005, Petitioner's counsel filed a supplemental memorandum of law in

---

[2] In *Booker*, the Supreme Court concluded that its reasoning in *Blakely v. Washington*, 542 U.S. 296 (2004), which invalidated portions of the State of Washington's determinate sentencing scheme as violative of an individual's Sixth Amendment right to a trial by jury, applied with equal force to federal defendants subject to the Sentencing Guidelines. *See Booker*, 543 U.S. at ___, 125 S. Ct. at 749-50. To avoid a determination that the Sentencing Guidelines violated the Sixth Amendment to the United States Constitution, the *Booker* Court held that aspects of the Sentencing Guidelines that federal courts had previously viewed as mandatory were merely advisory. *See id.* 543 U.S. at ___, 125 S. Ct. at 756-57.

further support of Petitioner's Motion to Vacate, *see* Action No. 05-CV-421, Dkt. No. 4 ("Supplemental Mem."), as well as Petitioner's affidavit in which he reiterates his request that the Court resentence him in light of *Booker*, *see* Action No. 05-CV-421, Dkt. No. 5.

On May 23, 2005, the Government filed a memorandum of law in opposition to Petitioner's Motion to Vacate. *See* Action No. 05-CV-421, Dkt. No. 6. Primarily, the Government claims that Petitioner is procedurally barred from obtaining the relief he seeks and that, in any event, *Booker* has not been made retroactive to cases on collateral review. *See* Action No. 05-CV-421, Dkt. No. 6 at 1-5.

## II. DISCUSSION

Subsequent to the filing of this action, the Second Circuit issued its decision in *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005). In *Guzman*, the Second Circuit noted that the *Booker* Court held that the Sentencing Guidelines violated the Sixth Amendment to the extent that they allowed a criminal defendant's maximum sentence to be increased based upon findings of fact (other than the fact of a prior conviction) that a judge, rather than a jury, made and that, consequently, the Sentencing Guidelines are to be viewed as advisory rather than mandatory. *See Guzman*, 404 F.3d at 141 (citing *Booker*, 543 U.S. at \_\_\_, 125 S. Ct. at 755-57). The Second Circuit noted, however, that *Booker* "'made no explicit statement of retroactivity to collateral cases.'" *Guzman*, 404 F.3d at 141 (quoting *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (per curiam)). The *Guzman* court then specifically considered the issue of whether district courts may properly apply *Booker* to cases on collateral review and ultimately concluded that "*Booker* is not retroactive, i.e., it does not apply to cases on collateral review where the

defendant's conviction was final as of January 12, 2005, the date that *Booker* issued." *Guzman*, 404 F.3d at 144; *see also Atkinson v. United States*, Nos. 05-CV-286, 95-CR-232, 2005 WL 3555946, *5 (N.D.N.Y. Dec. 28, 2005) (holding that district court may not apply *Booker* retroactively to actions brought pursuant to 28 U.S.C. § 2255 (citations omitted)).

The Clerk of the Court entered Petitioner's judgment of conviction in the related criminal case on December 14, 2004. *See* Action No. 03-CR-374, Dkt. No. 27. Since Petitioner never filed an appeal from his criminal conviction, *see* Motion to Vacate at ¶ 8, that judgment of conviction became final on the date on which his time to file a direct appeal of his conviction expired. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *United States v. Chen*, Nos. 05 Civ. 3662, 03 Cr. 567, 2005 WL 2877721, *3 n.3 (S.D.N.Y. Nov. 3, 2005) (citations omitted). Thus, pursuant to Rule 4(b) and Rule 26(a)(2) of the Federal Rules of Appellate Procedure, Petitioner's conviction became final on Wednesday, December 29, 2004, the last date on which he could have timely filed an appeal from his criminal conviction.[3] Since *Booker* does not apply to cases on collateral review where the petitioner's conviction was final as of January 12, 2005, *see Guzman*, 404 F.3d at 144, this Court may not properly apply *Booker* for the benefit of Petitioner in this § 2255 action. Therefore, because Petitioner bases all of his theories in support of his Motion to Vacate upon his claim that this Court must modify his sentence in light of *Booker*, *see* Supporting Mem. at (unnumbered) 3-6; *see also* Supplemental Mem. at

---

[3] Rule 4(b) of the Federal Rules of Appellate Procedure provides that a criminal defendant's notice of appeal from a judgment of conviction must be filed within ten days after the entry of the judgment being appealed. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Moshier*, 402 F.3d at 118 n.1. In computing this time period, however, Federal Rule of Appellate Procedure 26(a)(2) provides that the time for filing a notice of appeal is computed by excluding the day the judgment was entered as well as intermediate Saturdays, Sundays, and legal holidays. *See* Fed. R. App. P. 26(a)(2).

(unnumbered) 6-10, this Court must deny and dismiss his Motion to Vacate in its entirety.

### III. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's Motion to Vacate is **DENIED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated: January 30, 2006
      Syracuse, New York

                                Frederick J. Scullin, Jr.
                                Chief United States District Court Judge